UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT ZAKI,

                Petitioner,                Case No. 14-cv-12884

v                                                    Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

                Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241**

Scott Zaki, ("Petitioner"), confined at the Sanilac County Jail in Sandusky, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, Petitioner challenges his currently-pending federal prosecution in the United States District Court for the Eastern District of Michigan for one count of conspiracy to possess with intent to distribute and to distribute Methylone, 21 U.S.C. § 841(a)(1) and (b)(1)(c), 21 U.S.C. § 846. For the reasons stated below, the petition for writ of habeas corpus is summarily denied with prejudice.

**I.**

Petitioner is currently charged with the above offense in a case pending before Judge Victoria A. Roberts of the United States Eastern District of Michigan. Petitioner is represented by counsel in that case. *See United States v. Zaki*, U.S.D.C. No. 2:14-CR-20281 (E.D. Mich. (Roberts, J.).[1]

---

[1] This Court obtained some of this information from the records of the United States District Court for the Eastern District of Michigan, which this Court is permitted to take judicial notice of. *See United States v. Rigdon*, 459 F.2d 379, 380 (6th Cir. 1972).

Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief on the ground that the indictment issued by the grand jury is defective.

## II.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id*. at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez*, 157 F. Supp. 2d at 796 (additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

Petitioner filed a habeas petition to challenge his pending federal prosecution before Judge Roberts. It is well-established that a criminal defendant cannot file a petition for writ of

habeas corpus to raise defenses to a pending federal criminal prosecution. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547 (1905); *Horning v. Seifart*, 107 F.3d 11 (Table), No. 1997 WL 58620, at *1 (6th Cir. February 11, 1997); *Ferguson v. Gilliam*, 946 F. 2d 894 (Table), No. 1991 WL 206516, at *1 (6th Cir. October 11, 1991). Petitioner's claim that the indictment is defective would be dispositive of his pending federal criminal charge and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *See Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001). Petitioner therefore cannot challenge his pending federal prosecution in his current habeas petition. Moreover, to the extent that Petitioner challenges any pre-trial detention order, the appropriate vehicle for Petitioner to challenge his pre-trial detention is an expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition. *See Whitmer v. Levi*, 276 F. App'x 217, 219 (3rd Cir. 2008).

### III.

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is summarily denied. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

- 4 -

Accordingly, it is **ORDERED** the Petitioner Zaki's Petition for Writ of Habeas Corpus (ECF No. 1) is **SUMMARILY DENIED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 2, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon Scott Zaki #50157-039 at Sanilac County Jail, 65 N. Elk Street, Sandusky, MI 48471 byfirst class U.S. mail on September 2, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---